```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA


     - against -                              04 Cr. 424-1 (RWS)

                                                OPINION AND
DAVID DELAROSA,                                    ORDER

                  Defendant.

------------------------------------X

A P P E A R A N C E S
```



```
        Attorneys for the United States

        PREET BHARARA
        United States Attorney
        Southern District of New York
        One Saint Andrew's Plaza
        New York, NY 10007
        By: Alex Rossmiller, Esq.


        Attorneys for the Defendant

        FEDERAL DEFENDERS OF NEW YORK
        52 Duane Street
        New York, NY 10007
        By: Jennifer L. Brown, Esq.
```

**Sweet, D.J.**

David Delarosa ("Delarosa" or the "Defendant") has moved for a reduction of his prison sentence pursuant to U.S.S.G. § 1B1.10. For the reasons stated below, Delarosa's motion is denied.

On May 3, 2006, Delarosa was convicted of conspiracy to distribute and possess with intent to distribute one kilogram of heroin, in violation of 21 U.S.C. § 846, and sentenced to a term of imprisonment of 188 months. On May 1, 2015, Delarosa made a motion, <u>pro se</u>, for a reduction of his sentence pursuant to Amendment 782 to the U.S. Sentencing Commission Guidelines, which lowered the penalties for most drug offenses. The Federal Defenders of New York agreed to represent Mr. Delarosa on May 8, 2015, via email to the Court. A supplemental sentencing memorandum was received from the Probation Office on June 26, 2015, concluding that Delarosa is not eligible for a reduction in sentence. The government filed a letter-brief on July 6, 2015, agreeing with the probation office's conclusion. Later the same day, Federal Defenders indicated via email to the Court that it would not be filing any papers contesting that position.

With a revised offense level of 37 (adjusted downward from the offense level of 39 applied at sentencing) and a

criminal history category of II, Delarosa's amended Guidelines range is 235 to 293 months. See U.S.S.G. Ch. 5 Part A. While less than the Guidelines range of 360 months to life that was applicable at his original sentencing, the amended Guidelines range is well above the sentence of 188 months that he ultimately received, rendering him ineligible for a reduction. The Defendant's motion is therefore denied.

    It is so ordered.

**New York, NY**
July 29, 2015

                                    ROBERT W. SWEET
                                         U.S.D.J.