```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA

     - against -                          04 Cr. 424-1 (RWS)

                                              OPINION

DAVID DELAROSA,

               Defendant.

------------------------------------X
```

A P P E A R A N C E S

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-13-15
```

Attorneys for the United States

PREET BHARARA
United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007
By: Alex Rossmiller, Esq.

Attorneys for the Defendant

FEDERAL DEFENDERS OF NEW YORK
52 Duane Street
New York, NY 10007
By: Jennifer L. Brown, Esq.

1

**Sweet, D.J.,**

David Delarosa ("Delarosa" or the "Petitioner") has moved for reconsideration of the Court's July 29, 2015 Opinion denying his motion for a reduction of his prison sentence pursuant to U.S.S.G. § 1B1.10 and 18 U.S.C. § 3582(c)(2). The July 29 Opinion concluded that Delarosa was ineligible for a sentence reduction despite the recent enactment of Amendment 782 to the U.S. Sentencing Guidelines (which lowered the recommended penalties for drug offenses) because his amended Guidelines range of 235 to 293 months was greater than the sentence of 188 months that he ultimately received. See United States v. Delarosa, No. 04 Cr. 424-1, 2015 WL 4662664, at *1 (S.D.N.Y. July 29, 2015).[1] Although the provision was not explicitly cited in the July 29 Opinion, the decision was predicated on U.S.S.G. § 1B1.10(b)(2)(A), which precludes Courts considering a sentencing reduction motion from lowering an inmate's term of imprisonment below the bottom end of his or her amended Guideline range.

In his motion for reconsideration, Delarosa cites the Supreme Court's recent decision in Peugh v. United States, 133

---

[1] At his 2006 sentencing, Delarosa's Guidelines range was 292 to 365 months, but the Court departed downward in order to tailor his sentence to his culpability and to avoid unwarranted disparities between codefendants. See generally Sentencing Opinion, Dkt. No. 225.

S.Ct 2072 (2013) and argues that under its holding the application of § 1B1.10(b)(2)(A) to his case violates the Ex Post Facto Clause of the Constitution. (See Br., Dkt. No. 400.) Peugh held that where a later edition of the Sentencing Guidelines increases a defendant's recommended range of imprisonment above the range that applied at the time he or she committed the crime, applying the later and harsher Guidelines range constitutes an *ex post facto* violation. See Peugh, 133 S.Ct. at 2078, 2084, 2088.

Prior to 2012, the Guidelines contained an exception to § 1B1.10(b)(2)(A)'s prohibition on sentence reductions below the amended Guideline range:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. 'However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, a further reduction generally would not be appropriate.

U.S.S.G § 1B1.10(b)(2)(B) (2009 ed.). Since both Delarosa's crime and his sentence occurred before the 2012 Guidelines took away this discretion, Delarosa argues that, under Peugh, the pre-2012 provision should apply, and that he should be afforded a downward departure from his amended Guidelines range

3

equivalent to the downward departure from his initial Guidelines range he was given at sentencing.[2]

As a threshold matter, the instant motion is improper because Delarosa's challenge to § 1B1.10(b)(2)(A) was not included in his initial sentencing reduction motion, and is being raised for the first time in his motion for reconsideration. In order to prevail on reconsideration, a movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000). Nonetheless, due to the "special solicitude" afforded to *pro se* litigants in this Circuit, see Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010), the Court will reach the merits of the issue.[3]

The Supreme Court defines an *ex post facto* law as "every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed."

---

[2] In a separate submission (Dkt. No. 403), Delarosa argues that he should be granted a reduction because one was recently granted to his cousin, William Delarosa, on his sentence in the same case. The two cases are easily distinguishable because William's amended Guidelines range was below his initial sentence, a consequence of the fact that he did not receive the same sort of dramatic downward departure the Petitioner did. See United States v. William Delarosa, No. 04 Cr. 424-2, 2015 WL 5607385 (S.D.N.Y. Sept. 22, 2015).

[3] Although the Federal Defenders of New York agreed to represent Mr. Delarosa in a May 8, 2015 email to chambers, he nonetheless qualifies as a *pro se* litigant because there is no indication that any attorney from their office assisted Delarosa in preparing either his sentencing reduction motion or his motion for reconsideration.

4

Peugh, 133 S.Ct. at 2077-78 (citing Calder v. Bull, 3 Dall. 386, 390, 1 L.Ed. 648 (1798)). Delarosa asks the Court to extend this definition to cover a situation where the law is changed in a way that does not inflict a greater punishment, but instead removes a second discretionary opportunity at resentencing to have a lesser punishment imposed. The Supreme Court rejected a similar argument in Dillon v. United States, 560 U.S. 817 (2010), in which a prisoner argued that, in accordance with recent post-Booker decisions making the Guidelines advisory at sentencing, U.S.S.G. § 1B1.10(b) should also be viewed as advisory, resulting in federal courts being permitted to issue below-Guidelines sentences when deciding resentencing motions such as the one filed by Mr. Delarosa. See id. at 819. Although the opinion by Justice Sotomayor – who also wrote the majority opinion in Peugh – does not touch on the Ex Post Facto clause, it contains relevant language regarding the application of constitutional principles to 18 U.S.C. § 2582(c)(2) resentencing proceedings such as this one:

> Given the limited scope and purpose of § 3582(c)(2), we conclude that proceedings under that section do not implicate the interests identified in Booker. Notably, the sentence-modification proceedings authorized by § 3582(c)(2) are not constitutionally compelled. We are aware of no constitutional requirement of retroactivity that entitles defendants sentenced to a term of imprisonment to the benefit of subsequent Guidelines amendments. Rather, § 3582(c)(2) represents a congressional act of lenity intended to give prisoners

5

>the benefit of later enacted adjustments to the judgments reflected in the Guidelines.

Dillon, 560 U.S. at 828.

Viewed in this manner, the application of § 1B1.10(b)(2)(A)'s prohibition on sentence reductions below the amended Guideline range to Delarosa's case does not implicate the Ex Post Facto Clause. His sentence has not been increased, nor has he been denied a reduction in sentence to which he was otherwise entitled. He has lost, at most, a second and severely constrained opportunity for judicial discretion, one not required by the Constitution in the first place. See Dillon, 560 U.S. at 828; see also id. at 828-29 (noting that sentencing reduction proceedings "give judges no more than [] circumscribed discretion" and that the actions taken in such proceedings "do not serve to increase the prescribed range of punishment"). Because the application of § 1B1.10(b)(2)(A) to Delarosa's case does not "enhance the measure of punishment" to which he is subject, Peugh, 133 S.Ct. at 2088 (citing Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 505 (1995)), his motion for reconsideration is denied.

6

It is so ordered.

New York, NY
November 13, 2015

_____
ROBERT W. SWEET
U.S.D.J.